Jeffrey R. Sykes, ISB No. 5058
Chad M. Nicholson, ISB No. 7506
MCCONNELL, WAGNER, SYKES & STACEY PLLC
827 E. Park Boulevard, Suite 201
Boise, Idaho 83712
Telephone: 208.489.0100
Facsimile: 208.489.0110
sykes@mwsslawyers.com
nicholson@mwsslawyers.com
I:\10665.002\PLD\Complaint.docx

Attorneys For Plaintiff Jerry R. Carr

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JERRY R. CARR, an individual,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>HOLLY LANE REHABILITATION AND HEALTHCARE CENTER, LLC, a Delaware limited liability corporation; and ORIANNA HEALTH SYSTEMS, LLC, a Delaware limited liability corporation;<br><br>　　　　　　　Defendants. | **Case No.** _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW,** Plaintiff Jerry R. Carr, by and through his counsel of record, Chad M. Nicholson of McConnell, Wagner, Sykes and Stacey PLLC, and for cause of action against the Defendants, Holly Lane Rehabilitation and Healthcare Center, LLC, and Orianna Health Systems, LLC, COMPLAIN AND ALLEGE as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

## PARTIES

1. At all times relevant herein, Plaintiff Jerry R. Carr ("Carr") is an individual residing in Nampa, Canyon County, Idaho.

2. At all times mentioned herein, Holly Lane Rehabilitation and Healthcare Center, LLC ("Holly Lane") was and is a limited liability corporation organized under the laws of the State of Delaware whose principle place of business is in Bartlett, Shelby County, Tennessee that is authorized to conduct business within the State of Idaho. Holly Lane was and now is a Skilled Nursing Facility as that term is defined in Idaho Code § 39-1301 and IDAPA § 16.03.02.002.33.

3. At all times mentioned herein, Orianna Health Systems, LLC ("Orianna") was and is a limited liability corporation organized under the laws of the State of Delaware whose principle place of business is in Bartlett, Shelby County, Tennessee that is authorized to conduct business within the State of Idaho.

4. Holly Lane and Orianna will be collectively referred to as "Defendants."

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds that required for diversity jurisdiction and there is complete diversity between the parties.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and/or omissions given rise to the claims asserted herein occurred within the District of Idaho.

## GENERAL ALLEGATIONS

7. In or about February of 2015, Carr was admitted as a resident of Holly Lane.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

8. On or about February 11, 2015 Carr fell while at Holly Lane and sustained injuries which required hospitalization and surgical intervention.

9. Following his hospitalization from the February 11, 2015 fall, Carr was readmitted as a resident of Holly Lane on or about April 20, 2015 with diagnoses of dementia, suprapubic catheter, fall with fracture, and chronic kidney disease stage III. Carr has remained a resident of Holly Lane since April 20, 2015.

10. Throughout his stay at Holly Lane, Carr has been subjected to mistreatment, neglect and/or abuse including but not limited to:

    a. failure to take adequate steps to prevent Carr from falling given that Carr was not to be at risk for falls;

    b. failure to ensure the Carr did not smell of urine; failure to change his clothes when he was incontinent; failure to dress him appropriately; and a failure to shower him to prevent body odors;

    c. failure to ensure that Carr had access to and the ability to use his call light;

    d. failure to determine whether Carr was in pain during times when Carr was non-verbal; failure to treat pain Carr was experiencing when Carr expressed that he was in pain; failure to provide prescribed pain medications;

    e. failure to provide appropriate care to prevent urinary tract infections and to restore normal bladder function by failing to monitor urinary output, secure Carr's catheter, ensure Carr's catheter was not obstructed and change Carr's catheter monthly;

    f. failure to follow physician instructions regarding hydration which caused Carr to become dehydrated; and

      g. failure to exercise proper infection control practices causing Carr contracting Staphylococcus aureus MRSA.

## COUNT ONE

### *Negligence*

11. Carr realleges and incorporates by references all allegations contained in Paragraphs 1 through 10 above as if set out in full.

12. The care and treatment provided by Defendants and/or their employees and/or agents fell below the applicable standard of care owed to residents of a Skilled Nursing Facility at the times and places alleged herein above.

13. Defendants and/or their employees and/or agents negligence was the direct and proximate cause of Carr's injuries.

14. As a direct and proximate cause of the negligence of Defendants and/or their employees and/or agents, Carr has sustained both economic and non-economic losses, which include, but are not limited to, damages in the form of:

      a. Carr's past medical expenses incurred as a result of Defendants' and/or their employees' and/or agents' negligence.

      b. Carr's future medical expenses and economic loss.

      c. Carr's pain and suffering and loss of comfort and companionship.

The precise amount of damage will be proven at the time and place of trial in this action, but in any event exceed $100,000.00.

15. Carr hereby reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

## COUNT TWO

### *Negligence Infliction of Emotional Distress*

16. Carr realleges and incorporates by references all allegations contained in Paragraphs 1 through 15 above as if set out in full.

17. The care and treatment provided to Carr by Defendants and/or their employees and/or agents was negligent and fell below the applicable standard of care owed to Carr at the times and places alleged hereinabove.

18. As a direct and proximate result of Defendants' and/or their employees' and/or agents' reckless and/or negligent conduct, as alleged hereinabove, Carr has incurred severe mental suffering manifested by physical symptoms.

19. As such, Carr is entitled to recover monetary damages from Defendants representing fair and reasonable compensation for the emotional distress suffered by Carr as a result of the wrongful conduct alleged hereinabove in an amount in excess of $100,000.00 to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Carr prays for Judgment of this Court as follows:

1. For money damages for Carr from Defendants under the theories of negligence and negligent infliction of emotional distress in a sum to be determined at trial in excess of $100,000.00 and representing Carr's economic and non-economic damages for past and future medical expenses, supplies, nursing and physician care, pain and suffering, emotional distress, loss of enjoyment of life, and temporary and permanent disability;

2. For attorney fees and costs incurred herein pursuant to Idaho Code § 12-121 and/or any other applicable state or federal statute, regulation, and/or rule permitted fees and costs to be awarded to Carr; and

3. For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Carr demands a trial of no less than twelve (12) persons on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

**DATED** this 13th day of February, 2017.

                         **MCCONNELL, WAGNER, SYKES & STACEY PLLC**

BY:       /s/ *Chad M. Nicholson*
        Chad M. Nicholson
        Attorneys For Plaintiff
        Jerry R. Carr